UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
IMRAN RIZVI, individually and on behalf of    :    Case No. 12 Civ. 62 (ES) (CLW)
all others similarly situated,                :
:    Motion Date: June 4, 2012
:
            Plaintiff,             :
:
   v.                                         :
:
FISERV, INC.,                                 :
:
            Defendant.             :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT FISERV, INC.'S MOTION TO DISMISS

BRYAN CAVE LLP
Scott H. Kaiser
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 541-2000
Fax: (212) 541-4630
scott.kaiser@bryancave.com

Attorneys for Defendant
Fiserv, Inc.

## **TABLE OF CONTENTS**

FACTS ..................................................................................................................................1

ARGUMENT........................................................................................................................2

I.      This Court Lacks Personal Jurisdiction Over Fiserv ................................................2

II.     Transfer of this Case Is Not Appropriate..................................................................6

CONCLUSION.....................................................................................................................7

# **TABLE OF AUTHORITIES**

## **CASES**

*Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925) ......................................... 5

*Dutoit v. Strategic Minerals Corp.*, 735 F. Supp. 169 (E.D. Pa.),
    *aff'd*, 922 F.2d 830 (3d Cir. 1990) ................................................................................. 5

*Fisher v. Teva PFC SRL*, 212 F. App'x 72 (3d Cir. 2006) .................................................... 5

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984) ........................ 2

*Jarzynka v. St. Thomas Univ. Sch. of Law*,
    323 F. Supp. 2d 660 (W.D. Pa. 2004) ............................................................................ 4

*Lucas v. Gulf & W. Indus., Inc.*, 666 F.2d 800 (3d Cir. 1981) ............................................. 5

*Marten v. Godwin*, 499 F.3d 290 (3d Cir. 2007) ............................................................ 2, 4

*Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*,
    960 F.2d 1217 (3d Cir. 1992) ..................................................................................... 3-4

*Patterson v. F.B.I.*, 893 F.2d 595 (3d Cir. 1990) .............................................................. 2, 3

*Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*,
    819 F.2d 434 (3d Cir. 1987) .......................................................................................... 3

*State Dep't of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Commc'ns Int'l,
    Inc.*, 387 N.J. Super. 487, 904 A.2d 786 (A.D. 2006) .................................................. 2

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61 (3d Cir. 1984) ............... 2

*Trs. of Nat'l Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk*,
    332 F.3d 188 (3d Cir. 2003) .......................................................................................... 5

## **STATUTE AND RULE**

28 U.S.C. § 1631 .................................................................................................................. 6

N.J. Ct. R. 4:4-4(b)(1) ......................................................................................................... 2

3834277.3

This action, asserting claims for violations of the Fair Labor Standards Act and the New Jersey State Wage and Hour Law, should be dismissed because Plaintiff Imran Rizvi ("Plaintiff" or "Rizvi") has sued an entity, Fiserv, Inc. ("Fiserv"), over which this Court lacks personal jurisdiction. While Plaintiff alleges that he was employed by Fiserv, Plaintiff was not a Fiserv employee. Rather, Plaintiff was employed by CheckFree Services Corporation ("CheckFree"), a Fiserv subsidiary. Fiserv has never employed Plaintiff and does not conduct any business in New Jersey. Plaintiff has not alleged and cannot allege sufficient facts to establish the Court's jurisdiction over Fiserv. Accordingly, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Plaintiff's Complaint must be dismissed with prejudice for lack of personal jurisdiction.

### **FACTS**

In this putative collective and class action, Plaintiff claims that Fiserv employed Plaintiff and the putative class and that Fiserv did not properly classify employees with the title Business Systems Analyst. Complaint ¶¶ 5-6, 12.[1] Plaintiff acknowledges that Fiserv, Inc.'s headquarters "are located in Brookfield, Wisconsin and it is similarly incorporated in Wisconsin," as opposed to in New Jersey. Complaint ¶ 6. Indeed, Fiserv is not registered to do business in New Jersey. *See* Affidavit of Ruth M. Bauman ("Bauman Aff.") ¶ 2.

Plaintiff does not include in his Complaint any allegation that Fiserv is subject to personal jurisdiction in this Court, other than a bare, conclusory allegation that Fiserv employed Plaintiff in New Jersey. Complaint ¶¶ 5-6, 12. Plaintiff does not, however, allege any facts to support his claim that he was employed by Fiserv. In fact, CheckFree, a subsidiary of Fiserv, actually employed Plaintiff. *See* Declaration of Constance Williams ("Williams Decl.") ¶ 2.

---

[1]   A copy of the Complaint is attached as Exhibit 1 to the Declaration of Scott H. Kaiser.

**ARGUMENT**

**I.     This Court Lacks Personal Jurisdiction Over Fiserv**

Fiserv is not subject to personal jurisdiction in the District of New Jersey.  As a result, Rizvi's claims against Fiserv must be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

"If an issue is raised as to whether a court lacks personal jurisdiction over a defendant, *the plaintiff bears the burden of showing that personal jurisdiction exists*." *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007) (emphasis added).  Further, "[a] Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies," *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984), and "'[o]nce the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence.'" *Patterson v. F.B.I.*, 893 F.2d 595, 603-04 (3d Cir. 1990) (quoting *Time Share Vacation Club*, 735 F.2d at 66 n.9). "'[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of personam jurisdiction.'" *Id.*

Plaintiff may satisfy this burden by establishing either general personal jurisdiction or specific personal jurisdiction over a defendant.  *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984); *Marten*, 499 F.3d at 296.[2]  General jurisdiction exists in cases where a defendant "has maintained systematic and continuous contacts with the forum state."  *Marten*, 499 F.3d at 296 (citing *Helicopteros*, 466 U.S. at 414-15 & n.8).  Specific

---

[2]     New Jersey's long-arm rule permits courts to exercise personal jurisdiction to the fullest extent allowed under the United States Constitution.  *See* N.J. Ct. R. 4:4-4(b)(1); *State Dep't of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Commc'ns Int'l, Inc.*, 387 N.J. Super. 487, 499, 904 A.2d 786, 793 (A.D. 2006).

jurisdiction exists in cases where "the claim arises from or relates to conduct purposely directed at the forum state." *Id.*

However, Rizvi cannot establish either general or specific jurisdiction over Fiserv in this Court. Although "bare pleadings alone" would not be adequate to establish personal jurisdiction in the face of a Rule 12(b)(2) motion to dismiss, *Patterson*, 893 F.2d at 604, even the Complaint is devoid of any allegation that would support the exercise of personal jurisdiction over Fiserv in the District of New Jersey. Plaintiff does not even allege that Fiserv is subject to personal jurisdiction in this Court. Despite his conclusory statement that "Defendant met the definition of an 'employer' under all applicable statutes," Compl. ¶ 6, Rizvi has alleged no facts capable of supporting the allegation that Fiserv is his employer or any other allegations to otherwise establish personal jurisdiction.

To establish general jurisdiction, Rizvi must demonstrate that Fiserv has "continuous," "systematic," and "substantial" contacts with New Jersey. *See Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). Rizvi has not alleged that Fiserv has any contacts with New Jersey, much less "continuous," "systematic," and "substantial" contacts. Nor can he. Fiserv is a Wisconsin corporation that maintains its principal place of business in Wisconsin. *See* Complaint ¶ 6; Bauman Aff." ¶ 2. Fiserv is not registered with the New Jersey Department of Treasury, Division of Revenue to transact business in New Jersey and has no agent for service of process in New Jersey. Bauman Aff. ¶ 2.

Nor can Rivzi establish specific jurisdiction over Fiserv in this Court. "Specific jurisdiction arises when the plaintiff's claim is related to or arises out of the defendant's contacts with the forum." *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir.

1992) (internal quotation marks omitted).  The Third Circuit recently articulated the "three-part inquiry" guiding the specific jurisdiction analysis:

> First, the defendant must have purposefully directed his activities at the forum.  Second, the plaintiff's claim must arise out of or relate to at least one of those specific activities. Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise comports with fair play and substantial justice.

*Marten*, 499 F.3d at 296 (internal citations and quotation marks omitted).

Rizvi filed this lawsuit on behalf of himself and a purported class of "[a]ll persons in the United States who are or have been employed by Defendant as a Business Systems Analyst at any point during the Collective Class Period." Compl. ¶ 11.[3]  Fiserv did not direct its activities at the forum because it did not employ Rizvi or others in New Jersey – the apparent "specific activity" from which Rizvi's claims "arise out of or relate to."  *See* Williams Decl. ¶ 2. Consequently, Fiserv cannot be subject to specific jurisdiction. *See, e.g.*, *Jarzynka v. St. Thomas Univ. Sch. of Law*, 323 F. Supp. 2d 660, 663 (W.D. Pa. 2004) (Conti, J.) ("[T]he defendant's contacts with the forum state must be material to the claim.  The court may not exercise personal jurisdiction if the defendant's contacts with the forum are too attenuated." (internal quotation marks omitted)).

Only CheckFree employed Rizvi.  *See* Williams Decl. ¶ 3.  CheckFree's contacts may not, however, be imputed to Fiserv.  Even a cursory review of the New Jersey Department of Treasury, Division of Revenue's website reveals that Fiserv is not registered to do business in New Jersey.  Fiserv is a Wisconsin corporation that has never registered with the New Jersey Department of Treasury, Division of Revenue.  *See* Bauman Aff. ¶ 2.

---

[3]     Plaintiff also claims to represent "[a]ll persons in the State of Jersey [sic] who are or have been employed by Defendant as a Business Systems Analyst at any point during the Class Period." Complaint ¶ 24.

4

Although CheckFree is a wholly-owned indirect subsidiary of Fiserv, and the two corporations share some common officers and directors, *see* Bauman Aff. ¶¶ Exhibits 1-3, Rizvi cannot overcome Fiserv's lack of connection to this forum. "A parent-subsidiary relationship is by itself an insufficient reason to pierce the corporate veil in the jurisdictional context." *Dutoit v. Strategic Minerals Corp.*, 735 F. Supp. 169, 171 (E.D. Pa.), *aff'd*, 922 F.2d 830 (3d Cir. 1990). Furthermore, imputation of contacts is permissible "only if the subsidiary is the parent's agent or alter ego so that the 'independence of the separate corporate entities was disregarded.'" *Fisher v. Teva PFC SRL*, 212 F. App'x 72, 76 (3d Cir. 2006) (quoting *Lucas v. Gulf & W. Indus., Inc.*, 666 F.2d 800, 806 (3d Cir. 1981)); *see also Dutoit*, 735 F. Supp. at 171 ("[a] parent-subsidiary relationship is by itself an insufficient reason to pierce the corporate veil in the jurisdictional context"); *accord Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925) (affirming dismissal of parent corporation for lack of personal jurisdiction where corporate formalities between the parent and its wholly-owned subsidiary were observed).

The Third Circuit looks to the following factors in assessing whether a subsidiary corporation is the alter ego of its parent:

> gross undercapitalization, failure to observe corporate formalities, nonpayment of dividends, insolvency of [the subsidiary] corporation, siphoning of funds from the [subsidiary] corporation by the dominant stockholder, nonfunctioning of officers and directors, absence of corporate records, and whether the corporation is merely a facade for the operations of the dominant stockholder.

*Trs. of Nat'l Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk*, 332 F.3d 188, 194 (3d Cir. 2003).

In "the application of the alter ego theory to pierce the corporate veil ... [t]he burden of proof on this issue rests with the party attempting to negate the existence of a separate entity." *Id.*, 332 F.3d at 197. Plaintiff cannot meet his burden to pierce the corporate veil because none

of the above factors are present here. At all times relevant, CheckFree was properly capitalized and fully solvent. *See* Bauman Aff. ¶ 10. CheckFree observed all corporate formalities. *See* Bauman Aff. ¶ 5. CheckFree paid dividends to its sole shareholder, CheckFree Corporation, but the parent did not improperly siphon its funds. Bauman Aff. ¶ 14. CheckFree has fully-functional officers and directors and maintains its own corporate headquarters in Norcross, Georgia, separate from Fiserv's headquarters in Brookfield, Wisconsin. *See* Bauman Aff. ¶¶ 2-3, 6-8. Finally, CheckFree was not a facade for the operations of Fiserv – to the contrary, CheckFree maintains complete authority over its personnel decisions, including hiring, firing, promotions, other similar matters relating to its employees. *See* Williams Decl. ¶ 3, 6. Because CheckFree is clearly distinct from its parent, its contacts with this forum provide no basis for subjecting Fiserv to jurisdiction here.

Accordingly, this case should be dismissed.

**II.     Transfer of this Case Is Not Appropriate**

Under 28 U.S.C. § 1631, if the Court lacks jurisdiction over a Defendant, it may "transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." Here, however, transfer is not appropriate because this action or appeal could not have been brought in any other jurisdiction because Fiserv does not employ Plaintiff or any members of the putative class. Accordingly, this case should be dismissed.

## **CONCLUSION**

For the reasons stated above, Fiserv Inc. respectfully requests that this Court grant its Motion to Dismiss with prejudice and enter the proposed Order.

Dated: April 30, 2012

                                      **BRYAN CAVE LLP**

                                      By:  /s/ Scott H. Kaiser_____
                                            Scott H. Kaiser
                                      1290 Avenue of the Americas
                                      New York, NY 10104
                                      Telephone: (212) 541-2000
                                      Facsimile: (212) 541-4630
                                      scott.kaiser@bryancave.com

                                      *Attorneys for Defendant Fiserv, Inc.*